**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **KERWIN L. DAVIS,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 05-00479-WS-B |
| **BLAKE TURMAN,** | : |
| Defendant. | : |

**REPORT AND RECOMMENDATION**

This action was initially filed in the Circuit Court of Covington County, Alabama, by Plaintiff Kerwin L. Davis, a prison inmate who is proceeding *pro se*[1]. (Doc. 1, attachment 2) Subsequent thereto, Defendant Blake Turman removed the action to this Court (Doc. 1, attachment 1), and it was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2.[2] After careful

---

[1] "[P]repayment of the docket fee [was] waived" for Plaintiff in the Circuit Court (Doc. 1, attachment 2).

[2] Local Rule 72.2 provides, in part:

    (a) Purpose of Rule. It has long been the practice of this Court to refer certain matters to the full-time magistrate judges. . . . This rule continues that practice and is intended to authorize the clerk to refer to the full-time magistrate judges the following matters without any additional orders of reference.

    . . . .

    (c)(1) Non-dispositive Pretrial Matters. All civil actions shall be automatically referred for the purpose of conducting a pretrial conference and the entry of a

review of the file, it is recommended that this action be transferred to the United States District Court for the Middle District of Alabama.

In his Complaint, Plaintiff has named Blake Turman, of the Alabama State Troopers Department as Defendant. Plaintiff contends that Turman injured him as a result of the excessive use of force in Andalusia, Alabama. The undersigned notes that Andalusia is situated in Covington County, which is located within the Middle District of Alabama. Plaintiff does not indicate where Turman or the Alabama State Troopers Department is located; however, on the Civil Cover Sheet accompanying Turman's Notice of Removal, Turman lists his county of residence as Covington County. (Doc. 1, attachment 3). The summons, which indicates that Defendant Turman could be served at the Alabama State Trooper Office in Evergreen, Alabama, is the only assertion of any contact with the Southern District of Alabama. Furthermore, at the time of filing, Plaintiff was actually incarcerated at Walton Correctional Institution, Defuniak Springs, Florida.

A § 1983 action may be brought in:

---

Fed.R.Civ.P. 16(b) scheduling order. The referral shall also be for the purpose of hearing and determining all non-dispositive motions.

>      (1) a judicial district where any defendant
>      resides, if all defendants reside in the
>      same State, (2) a judicial district in
>      which a substantial part of the events or
>      omissions giving rise to the claim
>      occurred, or a substantial part of property
>      that is the subject of the action is
>      situated, or (3) a judicial district in
>      which any defendant may be found, if there
>      is no district in which the action may
>      otherwise be brought.

28 U.S.C. § 1391(b); *see* New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).  When venue is not proper in the district of filing, a district court may, in the interest of justice, transfer the action to any other district or division where the action might have been brought.  28 U.S.C. § 1406(a).

In the present action, it appears that Defendant Turman resides in the Middle District of Alabama, and that the events giving rise to Plaintiff's action also occurred in the Middle District of Alabama.  Venue, therefore, appears to be lacking in the Southern District.  Accordingly, it is recommended that, in the interest of justice, this action be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).  Mortensen v. Wheel Horse Products, Inc., 772 F. Supp. 85, 90 (N.D.N.Y. 1991).

The attached sheet contains important information regarding

objections to the Report and Recommendation.  If a party objects to the transfer of this action, information must be presented in the objection establishing that venue is proper in the Southern District of Alabama.

**DONE** this **7th day** of **November, 2005.**

/s/ Sonja F. Bivins
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of

objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this the **7th day** of **November, 2005**.

**/s/ Sonja F. Bivins**
UNITED STATES MAGISTRATE JUDGE